BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Email:     David.Ryan@usdoj.gov
MENNO GOEDMAN
Trial Attorney
National Security Division
U.S. Department of Justice
     950 Pennsylvania Ave. NW
     Washington, DC 20530
     Telephone: (202) 514-2147
     Email:     Menno.Goedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-58-JVS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOHNATHAN BUMA, | |
| Defendant. | **CURRENT TRIAL DATE:** 6/24/2025<br>**PROPOSED TRIAL DATE:** 12/9/2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan and Trial Attorney Menno Goedman, and defendant Johnathan Buma ("defendant"), both individually and by and through his counsel of record, Mark Geragos, Alexandra Kazarian, and Setara Qassim, hereby stipulate as follows:

1.  The Information in this case was filed on April 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 1, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 10, 2025.

2.  On May 1, 2025, the Court set a trial date of June 24, 2025, and a status conference date of June 16, 2025.

3.  Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days.

4.  By this stipulation, defendant moves to continue the trial date to December 9, 2025, and the status conference to December 1, 2025. This is the first request for a continuance.

5.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.  Defendant is charged with a violation of Title 18, United States Code, Section 1905: Disclosure of Confidential Information. The government has made certain discovery available to the defense, including search warrants and reports of investigation. Much of the discovery in the case is sensitive in nature and must be produced pursuant to a protective order. The parties are preparing a stipulation for a protective order to be filed with the Court in the coming days. Following entry of a protective order, the government is prepared to produce a significant amount of protected discovery.

    b.  On May 1, 2025, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in a criminal trial on June 30, 2025, in <u>United</u>

1   States v. Magzanyan, CR No. 20-254-JAD-EJY, in the Central District
2   of Nevada, which is estimated to last one week; a criminal trial on
3   July 7, 2025, in People v. Opmanis, No. FSB19002771, in the Superior
4   Court of California, County of San Bernardino, which is estimated to
5   last two weeks; a civil trial on July 8, 2025, in Bentley Meeker
6   Lighting & Staging, Inc. v. Stephen Robert Mason, Index No.
7   160493/2017, in New York Supreme Court, which is estimated to last
8   two days; a civil trial on July 21, 2025, in Diane Bhalawan aka
9   Deyana Mounira v. Tony Toutouni, Case No. 20STCV41252, in the
10  Superior Court of the State of California, County of Los Angeles,
11  which is estimated to last three days; a criminal trial on August 19,
12  2025, in United States v. Sangha et al., CR No. 24-236-SPG, in the
13  Central District of California, which is estimated to last three
14  weeks; a civil trial on September 25, 2025, in Shirley Huffman, et
15  al. v. City of Los Angeles et al., Case No. 22STCV38178, in the
16  Superior Court of the State of California, County of Los Angeles,
17  which is estimated to last ten days; a civil trial on October 20,
18  2025, in Gevorg Danelyan, et al. vs. Kenneth Kita, MD, et al., Case
19  No. 23GDCV01926, in the Superior Court of the State of California,
20  County of Los Angeles, which is estimated to last ten days; a
21  criminal trial on October 28, 2025, in United States v. Salgado, CR
22  No. 24-201-JGB, in the Central District of California, which is
23  estimated to last one week; and a civil trial on November 3, 2025, in
24  Rachel Leviss v. Thomas Sandoval et al., Case No. 24STCV05072, in the
25  Superior Court of the State of California, County of Los Angeles,
26  which is estimated to last two weeks.  Accordingly, counsel
27  represents thatthey will not have the time that they believe is
28  necessary to prepare to try this case on the current trial date.

      c.    In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.    The government does not object to the continuance.

      f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 24, 2025 to December 9, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

4

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 2, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

_____/s/_____
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

MENNO GOEDMAN
Trial Attorney
National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Johnathan Buma's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 9, 2025, is an informed and voluntary one.

_____     _____
Mark Geragos                                                    Date
Alexandra Kazarian
Setara Qassim

Counsel for Defendant
Johnathan Buma

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 9, 2025. I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California on December 9, 2025, at 8:30 A.M.

_____     June 3, 2025
JOHNATHAN BUMA                                          _____
Defendant                                                               Date

6