BILAL A. ESSAYLI
Acting United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Email:     David.Ryan@usdoj.gov
MENNO GOEDMAN
Trial Attorney
National Security Division
U.S. Department of Justice
     950 Pennsylvania Ave. NW
     Washington, DC 20530
     Telephone: (202) 514-2147
     Email:     Menno.Goedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHNATHAN BUMA,<br><br>　　　　Defendant. | No. CR 25-58-JVS<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 12/9/2025<br>**PROPOSED TRIAL DATE:** 4/7/2026 |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan and Trial Attorney Menno Goedman, and defendant Johnathan Buma ("defendant"), both individually and by and through his counsel of record, Mark Geragos, Alexandra Kazarian, and Setara Qassim, hereby stipulate as follows:

1. The Information in this case was filed on April 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 1, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 10, 2025.

2. On May 1, 2025, the Court set a trial date of June 24, 2025, and a status conference date of June 16, 2025.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days.

4. The Court has previously continued the trial date in this case from June 24, 2025, to December 9, 2025, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to April 7, 2026, and the status conference to March 30, 2026. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of Title 18, United States Code, Section 1905: Disclosure of Confidential Information. The government has made certain discovery available to the defense, including search warrants and reports of investigation. The government anticipates producing additional discovery to defendant pursuant to a protective order and other necessary protections to account for the sensitivity of certain discovery in the case.

   b. On May 1, 2025, defendant's current counsel substituted in as counsel of record.  Defense counsel is presently scheduled to be in a criminal trial on August 21, 2025, in People v. McGee, No. RIF140673, in the Superior Court of California, County of Riverside, which is estimated to last six weeks; a civil trial on September 2, 2025, in Tipping et al. v. City of Los Angeles et al., No. 22STCV38178, in the Superior Court of California, County of Los Angeles, which is estimated to last two weeks; a civil trial on September 22, 2025, in County of Los Angeles et al. v. CROAG, Inc., No. 21STCV03275, in the Superior Court of California, County of Los Angeles, which is estimated to last two weeks; a criminal trial on September 23, 2025, in United States v. Sangha et al., CR No. 24-236-SPG, in the Central District of California, which is estimated to last three weeks; a civil trial on October 20, 2025, in Danelyan, et al. vs. Kenneth Kita, MD, et al., Case No. 23GDCV01926, in the Superior Court of California, County of Los Angeles, which is estimated to last ten days; a criminal trial on October 28, 2025, in United States v. Salgado, CR No. 24-201-JGB, in the Central District of California, which is estimated to last one week; a criminal trial on November 17, 2025, in United States v. Magzanyan, CR No. 20-254-JAD-EJY, in the Central District of Nevada, which is estimated to last one week; and a civil trial on March 16, 2026, in Contreras v. Providence St. Jude Medical Center et al., No.30-2024-01397408, in the Superior Court of California, County of Orange, which is estimated to last one to two weeks.  Accordingly, counsel represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

      c.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 9, 2025 to April 7, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 15, 2025              Respectfully submitted,

                                    BILAL A. ESSAYLI
                                    United States Attorney

                                         /s/
                                    _____
                                    DAVID T. RYAN
                                    Assistant United States Attorney
                                    Chief, National Security Division

                                    MENNO GOEDMAN
                                    Trial Attorney
                                    National Security Division

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I am Johnathan Buma's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 7, 2026, is an informed and voluntary one.

| | |
|---|---|
| /s/ Mark Geragos | 08/15/2025 |
| Mark Geragos<br>Alexandra Kazarian<br>Setara Qassim | Date |

Counsel for Defendant
Johnathan Buma

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 7, 2026. I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California on April 7, 2026, at 8:30 A.M.

| | |
|---|---|
| [signature] | **08/15/2025** |
| JOHNATHAN BUMA<br>Defendant | Date |