BILAL A. ESSAYLI
Acting United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Email:     David.Ryan@usdoj.gov
MENNO GOEDMAN
Trial Attorney
National Security Division
U.S. Department of Justice
     950 Pennsylvania Ave. NW
     Washington, DC 20530
     Telephone: (202) 514-2147
     Email:     Menno.Goedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-58-JVS |
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER |
| v. | |
| JOHNATHAN BUMA, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan and Trial Attorney Menno Goedman, and defendant Johnathan Buma ("defendant"), by and through his counsel of record, Mark Geragos, Alexandra Kazarian, and Setara Qassim, hereby stipulate and apply to the Court for entry of a protective order pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure.

The bases for this stipulation and request are the following:

Stipulated Facts

1. On April 17, 2025, defendant was charged in this case by Information with a violation of Title 18, United States Code, Section 1905 (Disclosure of Confidential Information).

2. Pursuant to its discovery obligations in this case, the government seeks to disclose to defendant's counsel in discovery certain materials that the government represents contain sensitive information, including information relating to confidential sources of information of the Federal Bureau of Investigation ("FBI"); information regarding national security investigations conducted by the FBI; information regarding operationally sensitive law enforcement sources, methods, and techniques; personal identifying information for third party witnesses; and other information that the government represents may have been declassified and that implicates national security and law enforcement sensitive concerns. These materials are collectively referenced below as "Protective Order Material(s)."

3. To serve and protect defendant's right to prepare an effective defense in this case, and also to serve the government's interest in protecting sensitive national security and law enforcement information, the parties have stipulated to the entry of a protective order for discovery in this case.

Stipulated Conclusions of Law

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "[a]t any time the court may, for good cause, deny,

2

restrict, or defer discovery or inspection, or grant other appropriate relief."

5. The record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of sensitive law enforcement sources, methods, and techniques, as further described below, and to grant such relief as is necessary to ensure the confidentiality of the foregoing information.

Requested Protective Order

Accordingly, the parties hereby stipulate to this request for the Court to issue a protective order according to the following terms:

6. The government may provide to defendant's counsel a copy of any Protective Order Material under the following terms and conditions:

   a. The government will provide to the Defense Team, as defined below in paragraph 6(f), Protective Order Material(s), redacted if and as appropriate. The government will label the Protective Order Material(s) as being subject to a protective order.

   b. The Defense Team is permitted to make copies of the Protective Order Material(s) as necessary for the preparation of the defense and for litigation of matters that arise therefrom. The Defense Team shall return all copies of the Protective Order Material(s) to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence

3

arising therefrom.  The Defense Team shall ensure that defendant does not retain any Protective Order Material(s) or copies thereof after the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom.

      c.   The Defense Team shall maintain all Protective Order Material(s), including any copies, in accordance with this Order.

      d.   The Protective Order Material(s) (whether in physical or electronic form) shall be securely stored at all times by the Defense Team, except while being actively utilized as provided for in this Order.

      e.   A copy of this Order shall be kept with the Protective Order Material(s) at all times.

      f.   The Protective Order Material(s) and its contents shall not be disseminated[1] to the media or posted to the Internet, nor shall the information within Protective Order Material(s) be disclosed in any way to any media source or Internet forum, nor shall the Protective Order Material(s) and its contents be disseminated to any persons, organizations, or other entities, other than the following who must be assisting in the preparation of the defense in this case in order to gain access to any Protective Order Material(s):  (i) defendant (under the conditions set forth below); (ii) defendant's counsel of record and supporting members of the defendant's legal team (paralegals, investigators, translators,

---

[1] "Disseminated" means to directly or indirectly provide, show, or describe to another (or others) either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. It includes both physical and virtual sharing of the documents.

litigation support personnel, and secretarial staff); and (iii) experts and consultants retained to assist in the preparation of the defense (collectively, the "Defense Team").

       g.    Counsel for defendant shall ensure that any person to whom Protective Order Material(s) have been made available has read the terms of the requested order and agreed to act in accordance with the requested order.

       h.    The Defense Team may show Protective Order Material(s) to third-party witnesses for the sole purpose of preparation of the defense, but may not provide or otherwise disseminate to third-party witnesses copies of Protective Order Material(s).

       i.    Defendant may review Protective Order Material(s) in this case only in the presence of a member of the Defense Team, and defendant's counsel of record shall ensure that defendant is never left alone with any Protective Order Material(s).  Defendant may see and review Protective Order Material(s) in the presence of a member of the Defense Team, but defendant may not copy, keep, maintain, or otherwise possess any Protective Order Material(s) in this case at any time.  Defendant must return any Protective Order Material(s) to the Defense Team at the conclusion of any meeting at which defendant is permitted to view the Protective Order Material(s).  Defendant may not take any Protective Order Material(s) out of the room in which defendant is meeting with the Defense Team.  Defendant may not write down or memorialize any Protective Order Material(s).  At the conclusion of any meeting with the defendant, the member of the Defense Team present shall take with him or her the Protective Order

Material(s).  At no time, under no circumstance, will any Protective Order Material(s) be left in the possession, custody, or control of the defendant, whether the defendant is incarcerated or not.

7.   The Protective Order Material(s), including any copies, may not be used, introduced, or otherwise relied upon, in any proceeding by any person, except by the prosecution team at its discretion or by defendant's counsel of record in this case in hearings and proceedings in <u>United States v. Johnathan Buma</u>, CR No. 25-58-JVS (Central District of California) and any appeal or any post-conviction collateral attack on any conviction or sentence arising therefrom.

8.   The Defense Team shall return all Protective Order Material(s) to the United States Attorney's Office ("USAO") for the Central District of California, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom.

9.   Should the defendant change attorneys at any time before the Protective Order Material(s) and all copies are returned to the USAO, his former counsel will not provide the Protective Order Material(s), including any copies, or disclose the contents of any Protective Order Material(s) to any subsequent counsel unless subsequent counsel for the defendant in this matter has agreed to in writing, or has been ordered by the Court to, be bound by this protective order.  If subsequent counsel's consent to this Order

cannot be obtained, defendant's former counsel will not provide any Protective Order Material(s) to subsequent counsel.

10. Any papers to be filed with the Court on behalf of the defendant that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) shall be filed under seal unless the defendant obtains a) written agreement from the government assenting to public filing, or b) an order of the Court. Any papers to be filed with the Court by the government that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) may be filed under seal in the government's discretion.

11. Any papers to be filed with the Court in response to papers filed in conformity with the preceding paragraph shall also be filed under seal absent the written agreement of the opposing party or an order of the Court.

12. Nothing in this Order will be construed so as to limit or restrict the government's discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), or any other provision of law.

13. Nothing in this order shall be construed: (1) as a waiver by the defendant to seek additional discovery beyond that provided by the government; or (2) as a waiver of the defendant's right to seek an unredacted version of any Protective Order Material(s); or (3) as a waiver of the defendant's right to challenge whether a specific document should be subject to this protective order. Nothing in this order shall be construed as limiting the

government's ability to object to those requests.  In addition, the parties reserve the right to seek future modifications of this protective order.

| | |
|---|---|
| IT IS SO STIPULATED. | BILAL A. ESSAYLI<br>Acting United States Attorney |
| DATED: Oct. 1, 2025 | /s/ David T. Ryan |
| | DAVID T. RYAN<br>Assistant United States Attorney<br>Chief, National Security Division |
| | MENNO GOEDMAN<br>Trial Attorney<br>National Security Division |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| DATED: Oct. 1, 2025 | /s/Mark Geragos<br>MARK GERAGOS<br>ALEXANDRA KAZARIAN SETARA QASSIM<br>Attorneys for Defendant<br>JOHNATHAN BUMA |

8