TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JOSEPH S. GUZMAN (Cal. Bar No. 310493)
Assistant United States Attorney
National Security Division
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2438
    E-mail:    joseph.guzman2@usdoj.gov
MENNO GOEDMAN
Trial Attorney
National Security Division
U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, DC 20530
    Telephone:  (202) 514-2147
    Email:      Menno.Goedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br> JOHNATHAN BUMA,<br><br>             Defendant. | No. CR 25-58-JVS<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   4/7/2026<br>**PROPOSED TRIAL DATE:**  10/6/2026 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph S. Guzman and Trial Attorney Menno Goedman, and defendant Johnathan Buma ("defendant"), both individually and by and through his counsel of

record, Mark Geragos, Alexandra Kazarian, and Setara Qassim, hereby stipulate as follows:

1. The Information in this case was filed on April 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 1, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 10, 2025.

2. On May 1, 2025, the Court set a trial date of June 24, 2025, and a status conference date of June 16, 2025.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days.

4. The Court has previously continued the trial date in this case from June 24, 2025, to April 7, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to October 6, 2026, and the status conference to September 28, 2026. This is the third request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of Title 18, United States Code, Section 1905: Disclosure of Confidential Information. The government has made certain discovery available to the defense, including search warrants and reports of investigation. The government anticipates producing additional discovery to defendant pursuant to a protective order and other necessary

2

protections to account for the sensitivity of certain discovery in the case.

b.   On May 1, 2025, defendant's current counsel substituted in as counsel of record.  Defense counsel is presently scheduled to be in multiple upcoming criminal and civil trials, as listed on the attached Exhibit A.  Accordingly, counsel for defendant represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

c.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 7, 2026, to October 6, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

//

//

4

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 26, 2026          Respectfully submitted,

                               TODD BLANCHE
                               Deputy Attorney General
                               BILAL A. ESSAYLI
                               First Assistant United States Attorney

                               IAN V. YANNIELLO
                               Assistant United States Attorney
                               Chief, National Security Division

                               _____/s/_____
                               JOSEPH S. GUZMAN
                               Assistant United States Attorney

                               MENNO GOEDMAN
                               Trial Attorney
                               National Security Division

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

I am Johnathan Buma's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 6, 2026, is an informed and voluntary one.

*/s/ (with email authorization)*      3/26/2026

Mark Geragos                          Date
Alexandra Kazarian
Setara Qassim

Counsel for Defendant
Johnathan Buma

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 7, 2026.  I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California on October 6, 2026, at 8:30 A.M.

                                      03/26/26

JOHNATHAN BUMA                        Date
Defendant

6

# Exhibit A

**DEFENSE COUNSEL'S UPCOMING TRIAL SCHEDULE AND CONFLICTS**

(1) *People v. Marlo McGee*, Case No. RIF140673, Superior Court of California, Riverside County; Riverside Superior Court; Joshlyn Pulliam. The felony criminal complaint was filed on December 20, 2007. The charges involve murder pursuant to Penal Code Section 187, and are the result of the death of an infant and a prior conviction of a death of an infant in which the underlying cause of death will be litigated as a trial within the trial. The jury trial is currently set to begin on April 13, 2026.

(2) *People v. Alex Janis Opmanis,* Case No. FSB19002771, Superior Court of California, County of San Bernardino; Judge William Jefferson Powell. The felony criminal complaint was filed on August 13, 2019.  The defendant is charged with murder pursuant to Penal Code Section 187. The jury trial is currently set to begin on April 13, 2026.

(3) *United States of America v. Armen Magzanyan,* Case No. 2:20-cr-00254-CDS-EJY, United States District Court for the District of Nevada; Judge Cristina D. Silva. This felony complaint was filed on September 16, 2020 and pertains to charges of healthcare and mail fraud. Trial is set for April 20, 2026.

(4) *United States of America v. Nicholas A. Alberino and Nicholas P. Alberino,* Case No. 2:24-cr-00706-ES, United District Court for the District of New Jersey; Judge Esther Salas. The seven-count criminal indictment filed on October 14, 2024 alleges charges of violations of the anti-kickback statute, healthcare fraud, and wire fraud. Trial is set for May 6, 2026.

(5) *County of Los Angeles v. CROAG, Inc.;* Case No. 21STCV03275, Superior Court of California, County of Los Angeles; Judge Maureen Duffy-Lewis. This civil case was filed on January 27, 2021 and alleges violations of emergency health orders and violation of Los Angeles County codes. Trial is set for May 18, 2026.

(6) *Andranik Terzakarian, et al. v. Karine Hagopian, et al.;* Case No. 24STCV23180; Superior Court of California, County of Los Angeles; Judge Dean J. Kitchens. The civil complaint was filed on September 9, 2024 and is a professional negligence matter brought against an insurance broker. Trial is currently set for June 16, 2026.

(7) *Angelica Lana v. Quinton Armani Gardner,* Case No. 23STCV06288; Superior Court of California, County of Los Angeles; Judge Rupert A. Byrdsong. This civil case was filed on March 21, 2023 and involves allegations of battery, gender violence, negligence, intentional infliction of emotional distress, and false imprisonment. Trial is currently set for June 18, 2026.

(8) *Japanese American National Museum v. The City of Los Angeles*, Case No. 25STCPCV07867; Superior Court of California, County of Los Angeles; Judge William Fahey. This civil case was filed on March 18, 2025 and involves allegations of negligence, private nuisance, and trespass. Trial is currently set for August 10, 2026.

(9) *Danelyan v. Kenneth Kita, MD, et al.,* Case No. 23GDCV01926, Superior Court of California, County of Los Angeles; Judge Judge Ashfaq G. Chowdhury. This civil

complaint was filed on September 8, 2023, and pertains to a claim of medical malpractice. Trial is currently scheduled for August 31, 2026.