TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
KATHRYNNE SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
Deputy Chief, National Security Division
JOSEPH S. GUZMAN (Cal. Bar No. 310493)
Assistant United States Attorney
National Security Division
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0631 / 2438
E-mail: Kathrynne.Seiden@usdoj.gov
Joseph.Guzman2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHNATHAN BUMA,

Defendant.

No. CR 8:25-58-JVS

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** 10/06/2026
**PROPOSED TRIAL DATE:** 03/09/2027

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kathrynne Seiden and Joseph S. Guzman, and defendant Johnathan Buma ("defendant"), both individually and by and through his counsel of record, Mark Geragos and Alexandra S. Kazarian, hereby stipulate as follows:

1. The Information in this case was filed on April 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 1, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 10, 2025.

2. On May 1, 2025, the Court set a trial date of June 24, 2025, and a status conference date of June 16, 2025.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days.

4. The Court has previously continued the trial date in this case from June 24, 2025, to October 6, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to March 9, 2027, and the status conference to March 1, 2027. This is the fourth request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of Title 18, United States Code, Section 1905: Disclosure of Confidential Information. The government has made certain discovery available to the defense, including search warrants and reports of investigation. The government anticipates producing additional discovery to defendant pursuant to a protective order and other necessary protections to account for the sensitivity of certain discovery in the case.

b. Due to the nature of the prosecution, including the government's intent to invoke the Classified Information Procedures Act, 18 U.S.C. App. § 3 et seq., (Dkt. 16), the case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Courts have previously found excludable time due to the complexities surrounding classified information. See, e.g., United States v. Jumaev, 20 F.4th 518, 534 (10th Cir. 2021) ("[t]he district court's and the parties' obligations to comply with CIPA significantly complicated the discovery process"); Gowadia v. United States, No. 14-00481 SOM/KSC, 2015 WL 5838471, at *15 (D. Haw. Oct. 5, 2015) (noting among the factors justifying the time exclusions, "the time needed to determine how to present classified information at trial"); United States v. Juan, No. 20-CR-00134, 2021 WL 168278, at *4 (E.D. Cal. Jan. 19, 2021) (noting among the factors supporting the grant of a Speedy Trial Act exclusion, "the Court cannot ignore the complicating aspects of this case (i.e., declassifying, redaction, and translation of numerous documents) that may prolong the time necessary for effective preparation")).

c. On May 1, 2025, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in multiple upcoming criminal and civil trials, as listed on the attached Exhibit A. Accordingly, counsel for defendant represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

d. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case,

conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 6, 2026, to March 9, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is sufficiently complex, due

to the necessary application of the Classified Information Procedures Act, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 16, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
KATHRYNNE SEIDEN
JOSEPH S. GUZMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Johnathan Buma's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 9, 2027, is an informed and voluntary one.

Alexandra Kazarian 9/17/26

Mark Geragos
Alexandra Kazarian
Date

Counsel for Defendant
Johnathan Buma

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 6, 2026. I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California on March 9, 2027, at 8:30 A.M.

09/17/2026

JOHNATHAN BUMA
Defendant
Date

# Exhibit A

**DEFENSE COUNSEL'S UPCOMING TRIAL SCHEDULE AND CONFLICTS**

**CIVIL**

(1) *Angelica Lana v. Quinton Gardner, et al.*; Non-Jury Trial is currently set for September 21, 2026.

(2) *Andranik Terzakarian v. Karine Hagopian*; Trial is currently set for October 12, 2026.

(3) *Dustin Nicolarsen v. Mansour Zakhor, et al.*; Trial is currently set for December 2, 2026.

(4) *Erikson v. Geragos & Geragos, et al.*; Trial is currently set for January 25, 2027.

(5) *Beljak v. Christopher Klein*; Trial is currently set for February 8, 2027.

(6) *Middleridge, LLC v. Stelaro, LLC*; Trial is currently set for February 16, 2027.

(7) *Siebenaler, et al. v. Geico*; Trial is currently set for June 1, 2027.

(8) *Estate of Farhadi v. G & G, et al.*; Jury Trial is currently set for July 12, 2027.

(9) *Hoyos v. City of Riverside*; Trial is currently set for July 16, 2027.

(10) *Schacter v. Hannan, et al.*; Trial is currently set for April 3, 2028.

(11) *Japanese American National Museum v. City of LA*; Trial is currently set for April 17, 2028.

(12) *Jane Doe v. Oren Alexander*; Trial is currently set for November 7, 2028.

**CRIMINAL**

(13) *MCGEE, Marlo*; Felony Jury Trial is currently set for October 5, 2026.

(14) *BUMA, Johnathan*; Jury Trial is currently set for October 6, 2026.

(15) *JOHNSON, Tad*; Felony Trial is currently set for January 20, 2027.

(16) *TERMENDJIAN, Grigor*; Trial is currently set for February 16, 2027.